UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

LYNNE M. BALTHAZOR
on behalf of herself and
all others similarly situated,

      Plaintiff,

v.

SENTRY CREDIT, INC.,

      Defendants.

_____/

## CLASS ACTION COMPLAINT
### JURY DEMAND

1.    Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. ("FDCPA") and the Telephone Consumer Protection Act, 47 U.S.C §227, *et seq*. ("TCPA").

## JURISDICTION AND VENUE

2.    This Court has jurisdiction under 28 U.S.C. §§1331, 1337, 1367 and 15 U.S.C. §1692k. Venue in this District is proper because Plaintiff resides here and Defendant placed telephone calls into this District.

## PARTIES

3.    Plaintiff, LYNNE M. BALTHAZOR, is a natural person, and citizen of the State of Florida, residing in Broward County, Florida.

4.     Defendant, SENTRY CREDIT, INC., is a corporation and citizen of the State of Washington with its principal place of business at 2809 Grand Avenue, Everett, Washington 98201.

5.     Defendant regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

6.     Defendant regularly collects or attempts to collect debts for other parties.

7.     Defendant is a "debt collector" as defined in the FDCPA.

## FACTUAL ALLEGATIONS

8.     Defendant sought to collect from Plaintiff an alleged debt arising from transactions entered into primarily for personal, family or household purposes.

9.     Defendant left the following messages on Plaintiff's voice mail on her cellular telephone on or about the dates stated:

December 17, 2009
Lynne Balthazor. My name is John Anderson. Miss Balthazor, you need to call me back. 425-740-5410.

April 6, 2010 – Pre-recorded Message
Once again if this is Lynne Balthazor, please press one now, if this is not Lynne Balthazor please press two now, We have a very important call for Lynne Balthazor , this is not a telemarketing call. Please have them call us back, at 800-608-2581, once again the number to call is 800-608-2581, Thank you , good bye.

April 16, 2010 – Pre-recorded Message
Once again if this is Lynne Balthazor, please press one now, if this is not Lynne Balthazor please press two now, We have a very important call for

Lynne Balthazor , this is not a telemarketing call. Please have them call us back, at 800-608-2581, once again the number to call is 800-608-2581, Thank you , good bye.

April 19. 2010 – Pre-recorded Message
Once again if this is Lynne Balthazor, please press one now, if this is not Lynne Balthazor please press two now, We have a very important call for Lynne Balthazor , this is not a telemarketing call. Please have them call us back, at 800-608-2581, once again the number to call is 800-608-2581, Thank you , good bye.

April 21, 2010 – Pre-recorded Message
Once again if this is Lynne Balthazor, please press one now, if this is not Lynne Balthazor please press two now, We have a very important call for Lynne Balthazor , this is not a telemarketing call. Please have them call us back, at 800-608-2581, once again the number to call is 800-608-2581, Thank you , good bye.

10.     The forgoing pre-recorded telephone messages are uniform pre-recorded messages and are one of Defendant's standard messages used to collect debts from consumers.

11.     The telephone messages are "communications" as defined by 15 U.S.C. §1692a(2). See _Berg v. Merchs. Ass'n Collection Div_., Case No. 08-60660-Civ-Dimitrouleas/Rosenbaum, 2008 U.S. Dist. LEXIS 94023 (S.D. Fla. Oct. 31, 2008).

12.     Defendant failed to inform Plaintiff in the messages that the communication was from a debt collector and failed to disclose Defendant's name.

13.     Defendant used an automatic telephone dialing system or a pre-recorded or artificial voice to place telephone calls to Plaintiff's cellular telephone.

3

14.    None of Defendant telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C § 227 (b)(1)(A).

## COUNT I
## FAILURE TO DISCLOSE STATUS AS DEBT COLLECTOR

15.    Plaintiff incorporates Paragraphs 1 through 14.

16.    Defendant failed to disclose in the telephone messages that it is a debt collector in violation of 15 U.S.C. §1692e(11). See *Foti v. NCO Fin. Sys*., 424 F. Supp. 2d 643, 646 (D.N.Y. 2006) and *Belin v. Litton Loan Servicing*, 2006 U.S. Dist. LEXIS 47953 (M. D. Fla. 2006) and *Leyse v. Corporate Collection Servs.,* 2006 U.S. Dist. LEXIS 67719 (D.N.Y. 2006).

## COUNT II
## FAILURE TO MAKE MEANINGFUL DISCLOSURE OF IDENTITY

17.    Plaintiff incorporates Paragraphs 1 through 14.

18.    Defendant placed telephone calls to Plaintiff without making meaningful disclosure of its identity when it failed to disclose its name and thus the purpose of its communication in the telephone messages in violation of 15 U.S.C §1692d(6). See *Valencia v The Affiliated Group, Inc*., Case No. 07-61381-Civ-Marra/Johnson, 2008 U. S. Dist. LEXIS 73008, (S.D.Fla., September 23, 2008); *Wright v. Credit Bureau of Georgia, Inc.,* 548 F. Supp. 591, 593 (D. Ga. 1982); and *Hosseinzadeh v. M.R.S. Assocs.,* 387 F. Supp. 2d 1104 (D. Cal. 2005).

## COUNT III
## VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT

19.     Plaintiff incorporates Paragraphs 1 through 14.

20.     Defendant placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice in violation of 47 U.S.C § 227 (b)(1)(A)(iii).

**CLASS ACTION ALLEGATIONS**

21.     Plaintiff incorporates the foregoing paragraphs.

22.     This action is brought on behalf of two classes: an FDCPA class and a TCPA class.

23.     The FDCPA class is defined as:

a.       all Florida residents for whom Defendant left a telephone message in which it failed to disclose that the communication was from a debt collector or failed to disclose its name,

b.       in an attempt to collect a debt incurred for personal, family, or household purposes,

c.       during the one-year period prior to the filing of the complaint.

24.     The TCPA class is defined as:

a.       all persons having cellular telephone service with Florida area codes to whom Defendant placed any call using an automatic telephone dialing system or an artificial or prerecorded voice,

b.      during the four-year period prior to the filing of the complaint.

25.    As a result of Defendant's negligent violations of 47 U.S.C. § 227 *et seq*, Plaintiff and the TCPA Class Members are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

26.    As a result of Defendant's willful or knowing violations of 47 U.S.C. § 227 *et seq*, Plaintiff and the TCPA Class Members are entitled to an award of up to $1,000.00 in additional statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(C).

27.    Plaintiff alleges on information and belief based on the use of uniform telephone messages that the class is so numerous that joinder of all members is impractical.

28.    There are questions of law and fact common to the class, which common issues predominate over any issues involving only individual class members.  The principal issues are:

a.      whether Defendant's messages violate the FDCPA

b.      whether Defendant's messages violate the TCPA and

c.      whether Defendant is a debt collector.

29.    The claims of Plaintiff are typical of those of the class members.  All are based on the same facts and legal theories.

30.    Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling actions involving unlawful debt collection practices under the FDCPA, actions under the TCPA and class actions.  Neither Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue this action.

31.    Certification of the class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is appropriate in that:

a.       The questions of law or fact common to the members of the classes predominate over any questions affecting an individual member.

b.       A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

WHEREFORE, Plaintiff, LYNNE M. BALTHAZOR, requests that the Court enter judgment in favor of herself and the FDCPA class and against Defendant SENTRY CREDIT, INC., and regarding the TCPA class against Defendant SENTRY CREDIT INC.:

a.       Certification of this matter to proceed as a class action;

b.       Statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(B) for the FDCPA class;

c.      Statutory damages pursuant to pursuant to 47 U.S.C.

§227(b)(3) for the TCPA class;

d.      A permanent injunction prohibiting Defendant from placing

non-emergency calls to the cellular telephone of any person using an

automatic telephone dialing system or pre-recorded or artificial voice

without the prior express consent of the called party;

e.      Attorney's fees, litigation expenses and costs of suit; and

f.      Such other or further relief as the Court deems proper.

### JURY DEMAND

Plaintiff demands trial by jury.

Respectfully submitted,

DONALD A. YARBROUGH, ESQ.
Attorney for Plaintiff
Post Office Box 11842
Fort Lauderdale, Florida 33339
Telephone: (954) 537-2000
Facsimile: (954) 566-2235
donyarbrough@mindspring.com

s/Donald A. Yarbrough
Donald A. Yarbrough, Esq.
Florida Bar No. 0158658